IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| James Rosenbaum, | Civil Action No. 9:18-cv-3183-CMC-BM |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| Sandra Lowe, *Sargent*; Dean Shover, *Corporal*; Barryon Smalls, *Sargent*, | |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* complaint, alleging he was moved to the Maximum Security Unit at J. Reuben Long Detention Center after receiving an infraction with two false charges on it and without due process. ECF No. 1. Plaintiff has filed a motion for leave to proceed *in forma pauperis*. ECF No. 2.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On February 4 2019, the Magistrate Judge issued a Report recommending Plaintiff's motion to proceed *in forma pauperis* be denied. ECF No. 11. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections on February 11, 2019. ECF No. 13.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report and Recommendation of the Magistrate Judge to which

a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report and therefore adopts and incorporates it as part of this order. Plaintiff's motion for leave to file *in forma pauperis* notes he received $2,975 monthly in VA disability and had a balance of $12,000 in his checking or savings account. ECF No. 11. In his objections, Plaintiff notes he has since been convicted of first-degree manslaughter and sentenced to 15 years in prison. ECF No. 13. Because of this, he notes his VA disability will be reduced to about $225 per month and that his savings balance has been reduced to about $3,000 after paying off his truck and an investigation for his criminal attorney. *Id.* He argues he will "need some money to find a place to live when he is released and plaintiff will have to purchase a vehical [*sic*] when he is released from prison." *Id.*

Despite the change in circumstances since he filed this action, Plaintiff does not appear to be currently indigent and has ample funds in bank accounts (approximately $3000) to allow immediate access to the courts if the filing fee is required. Although he argues he will need funds when he is released from prison, that is years away. While a litigant does not have to be "absolutely

2

destitute to enjoy the benefits" of *in forma pauperis* status, it does not appear Plaintiff will have to "choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948); *Compare Oren v. W. Virginia Dep't of Pub. Safety*, 978 F.2d 1255 (4th Cir. 1992) (reversing district court's denial of motion to proceed *in forma pauperis* when the plaintiff had not worked for five years, had only $103 in his bank account, and his only income was from Social Security), *with Karahalios v. Horry County Council*, No. 4:17-cv-00393, 2017 WL 1223697 (D.S.C. 2017) (district court adopted Report recommending denial of motion to proceed *in forma pauperis* when the plaintiff received $3100 monthly from disability benefits, listed expenses of $2812 per month, and had $960 in savings).

Plaintiff's motion to proceed *in forma pauperis* is denied. Plaintiff shall have 31 days from entry of this Order to pay the full filing fee for this matter. If Plaintiff does not pay the full filing fee within the time allowed, or seek an extension of time in which to do so, this case shall, by additional order of this court, be dismissed without prejudice and without service of process.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
February 11, 2019